AP–002 Order Requiring Preconference Report – Rev. 01/06/2016

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE:  
Larry Albert Hurlburt  
    Debtor(s)

Bankruptcy Case No.:  
16–01964–5–SWH

Larry Albert Hurlburt  
    Plaintiff(s)  
vs.  
Juliet J. Black  
    Defendant(s)

Adversary Proceeding No.:  
16–00031–5–SWH

### ORDER REQUIRING PRECONFERENCE REPORT

IT IS ORDERED THAT:

(1) Counsel for the parties will confer, as required by Rule 26(f) of the Federal Rules of Civil Procedure (made applicable in bankruptcy by Rule 7026 of the Federal Rules of Bankruptcy Procedure), as soon as practical.

(2) Each party must be represented at the conference by the attorney who will conduct the trial for the party, and counsel will discuss:

    A. the issues raised by the pleadings;  
    B. issues concerning jurisdiction, venue, or the authority of the bankruptcy court;  
    C. if the proceeding is not a core proceeding or is a core proceeding that the court may only hear and determine with the consent of the parties, whether the parties consent to the bankruptcy judge hearing and determining the proceeding pursuant to 28 U.S.C. § 157(c)(2);  
    D. the disposition of pending motions;  
    E. the necessity, desirability, and timing of amendments to pleadings, joinder of additional parties, the filing of additional motions, and discovery;  
    F. the timing and form of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, including a statement of when disclosures under (a)(1) were made or should be made;  
    G. the amount of time that will be needed for discovery;  
    H. changes that should be made in the time limitations on discovery imposed by the Federal Rules of Civil Procedure;  
    I. whether use of expert witnesses is contemplated, and if so, when the disclosure of expert information as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure should be required;  
    J. if a jury demand has been made in a core proceeding, whether the parties consent to a jury trial in the bankruptcy court;  
    K. whether the parties have engaged in settlement discussions;  
    L. whether the parties have considered voluntary or court ordered mediation and/or arbitration;  
    M. the need for additional pretrial conferences;  
    N. whether there are witnesses whose testimony could be accommodated at deposition or trial by video conferencing, and if so, what stipulations can be made regarding the appearance of witnesses by video conferencing.

(3) At the conclusion of the preliminary conference, the parties must jointly prepare a written report for submission to the court on or before **July 13, 2016**. The report must contain information concerning all of the topics discussed at the preliminary conference, and must indicate the areas in which the parties are in agreement and those areas, if any, as to which the parties disagree. If any party desires to bring any issue discussed at the preliminary conference before the court, the report must include that party's request for a telephonic conference on that issue. **If the pretrial report is not timely filed, a preliminary pretrial conference will be scheduled, and you will be notified of the time and date to appear in the courtroom.**

(4) Based on the report, and after a telephonic conference if one is requested by a party or the court, a scheduling order shall be entered that limits the time to complete discovery, to amend pleadings, to join additional parties, and to file additional motions. The scheduling order may also include the date or dates for conferences before trial, a final pretrial conference, and trial.

Dated: June 13, 2016

                                                                         Stephani W. Humrickhouse
                                                                          United States Bankruptcy Judge