UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br><br>LARRY ALBERT HURLBURT,<br><br>Debtor | Case #16-01964-5-SWH<br>(Chapter 13) |
| LARRY ALBERT HURLBERT,<br>Plaintiff<br>v.<br><br>JULIET J. BLACK,<br><br>Defendant | Adversary Proceeding #<br><br>16-00031-5-SWH |

JOINT PRECONFERENCE REPORT
Local Bankruptcy Rule 7016-1(a)

**Appearances:**

For the Plaintiff:   Richard P. Cook
For the Defendant:  James Oliver Carter

Plaintiff and Defendant file this Joint Preconference Report pursuant to Local Bankruptcy Rule 7016-1(a) and the June 13, 2016 Bankruptcy Court order entered in this adversary proceeding:

**A.  Issues Raised By The Pleadings**.  The issues raised by the pleadings are:

1. Defendant's Motions to Dismiss:  Whether the Chapter 13 trustee is a necessary party and whether the Bankruptcy Court has jurisdiction without joinder of the Chapter 13 trustee.

2. As to Plaintiff's 1st claim for relief:  Whether Defendant's deed of trust is a valid lien against Plaintiff's real estate.

3. As to Plaintiff's 2nd claim for relief:  Whether Plaintiff can avoid the lien of Defendant's deed of trust.

4. <u>As to Plaintiff's 3rd Claim for Relief (Objection to Claim)</u>: Does Defendant have a valid claim in Plaintiff's bankruptcy estate and, if so, what is the nature and amount of that claim.

5. <u>Defendant's 1st Affirmative Defense – Waiver</u>: Whether Plaintiff has waived his right to deny the validity of the party's indebtedness and the validity of the deed of trust.

6. <u>Defendant's 2nd Affirmative Defense – Estoppel</u>: Whether Plaintiff has estopped from denying the validity of the party's indebtedness and the validity of the deed of trust.

7. <u>Defendant's 3rd Affirmative Defense – Statute of Limitations</u>: Whether Plaintiff's first and second claims for relief are barred by the applicable statute of limitations for asserting those claims.

**B.   Issues Concerning Jurisdiction, Venue, or Authority of the Bankruptcy Court.**

Defendant has raised a question as to whether the bankruptcy court has subject-matter jurisdiction over this adversary proceeding in the absence of the Chapter 13 trustee being a party hereto. Otherwise, the parties stipulate pursuant to 28 USC 1334 and 28 USC 157(a), and that the U.S. Bankruptcy Court Eastern District of North Carolina is the proper venue for the trial of this action.

**C.   Core vs. Non-Core Questions.**

1. The parties agree that the claims raised by the pleadings are core issues. To the extent they are not, the parties consent to a trial and entry of a final judgment by the bankruptcy court.

**D.   Pending Motions.**

1. Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) for lack of the court's subject-matter jurisdiction.

2. Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(7) for failure to join a necessary party.

3. The parties request that the pending motions be calendared for hearing at the same time as the preliminary pretrial conference.

**E.   Amendments to Pleadings, Joinder of Additional Parties, Filing Additional Motions, and Discovery.**

1. The parties are not aware of any amendments that need to be made to the pleadings at this time.

2. a. Defendant believes the Chapter 13 trustee is a necessary party to this adversary proceeding. Defendant requests that this issue be resolved at the earliest possible time and before scheduling and other deadlines are imposed upon the parties.

   b. The parties are not aware of the need to join any *other* parties, other than Defendant's contention that the chapter 13 trustee must be a party, but Plaintiff and Defendant reserve the right to move the court, within the deadlines in the scheduling order, that other parties be added. All parties reserve their right to object to such motions.

3. The parties do not believe any additional motions will be necessary but reserve the right to file summary judgment motions and any other motions either party deems appropriate.

4. Discovery matters are addressed in G and H below

F. **Deadline for Rule 26(a)(1) Disclosures**. The Rule 26(a)(1) disclosures shall be made within 30 days after the date of the scheduling order to be entered in this matter.

G. **Time Needed for Discovery**.

   1. The parties will complete discovery within 90 days after the deadline for exchange of initial disclosures to be exchanged in this matter.

H. **Changes in Limitations on Discovery**.

   1. The parties do not anticipate a need to change the standard discovery limitations in Rule 30(a)(2)(A) and Rule 33(a) of the Rules of Civil Procedure; namely 25 interrogatories and 10 depositions each.

I. **Expert Witnesses**.

   1. Plaintiff and Defendant may use expert witnesses.

   2. If expert witnesses are used, the Rule 26(a)(2) disclosures regarding expert witnesses and testimony shall be made within the times specified in Rule 26(a)(2): 90 days before the trial date or, if the evidence is solely to contradict or rebut expert, 30 days after the disclosure by the other party.

   3. Each party shall be allowed an additional 30 days after disclosure of expert witnesses by the opposing party to take the deposition of or conduct additional discovery as to the expert witness disclosed.

J. **Jury Demand**.

   1. Neither party has demanded a jury trial.

K.  **Settlement Discussions**.  The topic of settlement has been mentioned but the parties have not had any specific settlement discussions at this time.

L.  **Mediation/Arbitration.**  The parties are willing to participate in court ordered mediation.

M.  **Additional Pre-trial Conferences**.  The parties desire to have a final pretrial conference.

N.  **Testimony by Video Conference**.  The parties are not aware of any witnesses who will need to testify by video conferencing.

Respectfully submitted:

**FOR THE PLAINTIFF:**

RICHARD P. COOK, PLLC


 */s/ Richard P. Cook*
Richard P. Cook
Attorneys for Plaintiff
NC Bar 37614
7036 Wrightsville Ave., Suite 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: CapeFearDebtRelief@gmail.com


Date: July 11, 2016


**FOR THE DEFENDANT**:

CARTER & CARTER, P.A.


 */s/ James Oliver Carter*
James Oliver Carter, NC State Bar #6073
408 Market Street
Wilmington, NC  28401
Phone: 910/763-3626
E-mail: joc@carterandcarterlaw.com
*Attorneys for Defendant Juliet J. Black*


Date: July 11, 2016

4