

**SO ORDERED.**

**SIGNED this 5 day of December, 2016.**

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| LARRY ALBERT HURLBURT | 16-01964-5-SWH |
| DEBTOR | |
| LARRY ALBERT HURLBURT | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | 16-00031-5-SWH-AP |
| JULIET J. BLACK | |
| Defendant. | |

### ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT

The matters before the court in the above-referenced adversary proceeding are the parties' cross motions for summary judgment. A hearing was held in Wilmington, North Carolina, on November 8, 2016.

### BACKGROUND

The instant dispute arises out of the debtor-plaintiff's purchase of real property located at 130 South Navassa Road in Leland, North Carolina ("Property"), from the defendant, Juliet Black ("Black"). The debtor's purchase of the Property was financed by the seller, Black, in the amount of $131,000.00.[1] On May 26, 2004, the parties executed a Promissory Note in the amount of $131,000.00 ("Note"), and the debtor executed and recorded a Deed of Trust[2] on May 27, 2004, purportedly granting a lien on the Property in favor of Black. The Deed of Trust and the Note contain the same terms with respect to the identity of the grantee and grantor, the date, the description of the Property, the maturity date of the Note, and both contain the signature of the debtor. Further, the Deed of Trust refers to the Note "of even date herewith, the terms of which are incorporated herein by reference." Ex. B to Am. Compl., Doc. No. 10 at 18. However, the Deed of Trust mistakenly states that the debtor is indebted to Black in the principal sum of "No Dollars and 00/100." On May 28, 2009, the closing attorney for this transaction filed an Affidavit of Correction of Typographical or Other Minor Error, amending the Deed of Trust to reflect the true principal amount of $131,000.00.

Pre-petition, Black initiated two foreclosure actions against the Property. One of which was voluntarily dismissed, and the other was stayed by the filing of the underlying bankruptcy proceeding on April 13, 2016. On the same date the debtor filed its chapter 13 petition, it also initiated the instant adversary proceeding against Black.[3] The debtor asserts three claims for relief: quiet title to

---

[1] The purchase price of the Property was $136,000.00, but the debtor made a $5,000.00 down payment.

[2] The Deed of Trust is recorded in the Brunswick County Registry, Book 1951, Page 1170.

[3] An amended complaint was filed on June 24, 2016, and it is this pleading that the court refers to throughout the discussion.

the Property pursuant to N.C. Gen. Stat. § 41-10; avoidance of the Deed of Trust pursuant to 11 U.S.C. § 522(h);[4] and an objection to claim. All of the debtor's causes of action and arguments turn on the premise that the Deed of Trust was invalid and failed to create a lien on the Property by omitting the amount owed.[5]

## DISCUSSION

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 323. Summary judgment should not be granted "unless the moving party has established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted).

---

[4]Specifically, the debtor maintains that the Affidavit of Correction is avoidable to the extent that it made valid the original Deed of Trust.

[5]The debtor makes additional arguments that the Affidavit of Correction was invalid, but the court need only reach those arguments if it finds that the original Deed of Trust was invalid. Since the court finds that the Deed of Trust was valid even absent the Affidavit of Correction, it need not address the debtor's arguments to that effect.

Under North Carolina law, a deed of trust must identify the obligation secured in order to be valid. Walston v. Twiford, 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958). With respect to determining the validity of a deed of trust, it is "universally recognized" that

> [l]iteral exactness in describing the indebtedness is not required. It is sufficient if the description be correct so far as it goes, and full enough to direct attention to the sources of correct and full information in regard to it, and the language used is not liable to deceive or mislead as to the nature or amount of it.
> . . . .
> [A] reference in a mortgage to a note secured by it, without specifying its contents, is sufficient to put subsequent purchasers upon inquiry, and to charge them with notice.

Harper v. Edwards, 115 N.C. 246, 20 S.E. 392, 392-93 (1894) (quoting 1 Jones, Mortg. § 70); see also Allen v. Stainback, 186 N.C. 75, 118 S.E. 903, 904 (1923) (same). In determining the validity of a deed of trust with missing information, "the court focuses on whether the identifying information contained within the deed of trust (whatever that information may be) specifically identifies the underlying debt and is consistent with the underlying debt." Beckhart v. Nationwide Trustee Servs., Inc., No. 7:11-CV-231-D, 2012 WL 3648105, at *4 (E.D.N.C. Aug. 21, 2012). This court has previously recognized that there is a distinction between "deeds of trust that are consistent with the underlying debt agreement and those that contain inconsistencies with the underlying debt agreement, with the latter more likely to be invalid than the former." Willows II, LLC v. Branch Banking & Trust Co. (In re Willows II, LLC), 485 B.R. 528, 535 (Bankr. E.D.N.C. 2013).

Under these principles, the court determines that the original Deed of Trust sufficiently identifies the obligation and is valid. Although the Deed of Trust omits the amount of the lien, it directs an inquirer to the source of such information.[6] The Deed of Trust states that the principal

---

[6]The court also notes that it believes no reasonable inquirer, upon encountering a Deed of Trust in the amount of "No Dollars," would accept it at face value.

sum is evidenced by the Note, which it not only incorporates by reference into the Deed of Trust, but also identifies with specificity by accurately identifying the date of the Note, the parties to the Note, the Note's maturity date, and the Property subject to the Note and Deed of Trust. Clearly, the Deed of Trust is "correct so far as it goes," and by incorporating the Note by reference, "direct[s] attention to the sources of correct and full information." See Harper, 115 N.C. 246, 20 S.E. 392. The court concludes that the Deed of Trust sufficiently identifies the obligation and that it is valid.

In light of the foregoing conclusions, the court deems summary judgment in favor of Black appropriate on the debtor's first and second causes of action for quiet title and avoidance of the Deed of Trust.[7] Since Black holds a valid lien on the property, the debtor is certainly not entitled to quiet title. Further, the debtor's arguments with respect to the Affidavit of Correction, including its argument that it was an avoidable transfer pursuant to § 522(h), are rendered moot. The Affidavit of Correction did nothing to affect the validity of the Deed of Trust, as the Deed of Trust was valid notwithstanding said Affidavit.

With respect to the objection to claim portion of the debtor's complaint, the court has determined that Black holds a valid lien on the Property. Under § 1322(b)(2), Black's claim cannot be modified, except in accordance with § 1322(c)(2). Despite this, the debtor has argued that North Carolina's anti-deficiency judgment statute prevents Black from having a claim extending beyond the value of the Property.[8] The court rejects this argument, as the anti-deficiency judgment statute

---

[7]The court notes that neither party has addressed whether either of the foreclosure proceedings resulted in an order allowing foreclosure. If such an order was entered allowing foreclosure, it may provide an additional basis for reaching this conclusion under the Rooker-Feldman doctrine.

[8]The anti-deficiency judgment statute, N.C. Gen. Stat. § 45-21.38, provides that in the event of foreclosure on seller-financed deeds of trust, the mortgagee shall not be entitled to any

only applies where the seller-financed property has been foreclosed upon. N.C. Gen. Stat. § 45-21.38 ("In all *sales of real property* by mortgagees and/or trustees *under powers of sale* contained in any mortgage or deed of trust . . . or where *judgment or decree is given for the foreclosure* of any mortgage . . . .") (emphasis added). There has been no foreclosure on the Property, and thus this statute does not apply.

However, the court will reserve ruling on the interplay between §§ 1322(b)(2), 1322(c)(2) and 1325(a) in light of several factors. First, it would be premature to rule prior to a motion for confirmation being filed. The court cannot rule on the propriety of modifying the treatment of Black's claim without being presented with a proposed modification.[9] Second, the National Association of Consumer Bankruptcy Attorneys has moved to file an *amicus curiae* brief on this very issue. Accordingly, the court grants summary judgment in favor of Black to the extent it has determined that Black holds a valid lien on the Property and that the anti-deficiency judgment statute is inapplicable, but denies summary judgment as to both parties with respect to any lingering issues. Further, nothing in this order shall be construed to determine the value of the Property.

## CONCLUSION

Accordingly, and as set forth above, the court **GRANTS** summary judgment in favor of the defendant with respect to the debtor's claims for quiet title and avoidance. With respect to the debtor's objection to claim, the court **GRANTS** summary judgment for the defendant on the validity

---

deficiency judgment.

[9]The debtor's plan, filed with its petition, provides for no treatment of Black's claim. The chapter 13 trustee has not moved for confirmation in this case.

of Black's lien and on the inapplicability of the anti-deficiency judgment statute. A ruling on the remaining issues shall be reserved for further briefing and hearing.

**END OF DOCUMENT**